IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIANE THOMAS, | ) | |
| | ) | CASE NO. 1:15CV1466 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| COMMISSIONER OF SOCIAL, | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |

*Pro se* Plaintiff Diane Thomas seeks judicial review of the decision of Defendant Commissioner of Social Security ("Commissioner") regarding her application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB").  Doc. 10.[1]  The Commissioner filed a Motion to Dismiss pursuant to Fed. R. Civ. Pro. 12(b)(1), arguing that the Court lacks jurisdiction over this action because Thomas failed to exhaust her administrative remedies.  Doc. 12.  Thomas did not file a responsive brief and the time for doing so has passed.[2]  This case is before the undersigned United States Magistrate Judge pursuant to an automatic referral under Local Rule 72.2(b).

For the reasons explained below, the undersigned recommends that the Commissioner's Motion to Dismiss be **GRANTED** and that this action be dismissed without prejudice.

**I. Background**

**A.  Plaintiff's Previous Social Security Application**

---

[1]  Thomas filed an Amended Complaint on October 8, 2015.  Doc. 10.

[2]  *See* Local Rule 7.1(d) (a party opposing a dispositive motion has thirty (30) days to respond, plus an additional three (3) days per Fed. R. Civ. P. 5(b)(2)(C) and Fed. R. Civ. P. 6(d)).

In March 2009, Thomas filed an application for DIB and SSI.  Doc. 12-2, p. 3 (declaration of Patrick J. Herbst, Chief of Court Case Preparation and Review for the Social Security Administration).[3]  Her claims were denied by the Agency at all levels of the administrative appeals process.  *Id*.  Thomas filed a civil action in the U.S. District Court for the Northern District of Ohio on January 2, 2013.  *Id*.; *see* Case No. 1:13-cv-8, *Thomas v. Comm'r of Soc. Sec*.  The court dismissed her case on June 25, 2013, for failure to prosecute.  Doc. 12-2, p. 3; Case No. 1:13-cv-8, Doc. 17.  Thomas appealed to the Sixth Circuit Court of Appeals and, on July 24, 2014, the Sixth Circuit dismissed her appeal for lack of jurisdiction.  Case No. 1:13-cv-8, Doc. 23.

### B.  Plaintiff's Current Social Security Application

On January 9, 2015, Thomas filed an application for SSI and DIB.  *See* Doc. 12-2, p. 2. Her DIB claim was denied at the initial level on May 18, 2015, and at the reconsideration level on August 18, 2015.  *Id*.; Doc. 12-3.  The Agency explained that Thomas does not qualify for DIB because she has not worked long enough and has not earned enough credits.  Doc. 12-3, p. 4.  Thomas took no further action regarding this claim.  Doc. 12-2, p. 3.

As of November 5, 2015, the Agency had not made an initial determination regarding Thomas' SSI claim.  *Id*.

Thomas filed a civil action in this Court on July 24, 2015.  Doc. 1.

## II. Legal Standard

### A.  Federal Jurisdiction of Social Security Appeals

Pursuant to 42 U.S.C. § 405(g), a district court has jurisdiction to review "any final

---

[3] As explained in further detail below, the Court may consider the evidence presented by the Commissioner in her Motion to Dismiss.

decision of the Commissioner of Social Security made after a hearing to which he was a party." To qualify as a "final decision" subject to court review, a claimant must complete a four-step administrative review process. 20 C.F.R. § 404.900(a) (explaining the process of administrative review prior to seeking judicial review); *Weinberger v. Salfi*, 422 U.S. 749, 767 (1975) (The term "final decision" is undefined in the Social Security Act and "its meaning is left to the [Commissioner] to flesh out by regulation."). First, a claimant receives an initial determination. 20 C.F.R. § 404.902. Second, if dissatisfied, the claimant may ask for reconsideration of that decision. 20 C.F.R. § 404.907. Third, if dissatisfied, the claimant may request a hearing before an Administrative Law Judge ("ALJ"). 20 C.F.R. § 404.929. Fourth, if dissatisfied, the claimant may request that the Appeals Council review the hearing decision. 20 C.F.R. § 404.967.

The Appeals Council may deny the claimant's request for review and allow the ALJ's decision to stand as the final decision of the Commissioner or it may grant the claimant's request for review and issue its own decision. 20 C.F.R. § 404.981. Either way, the claimant may then seek judicial review of the Commissioner's final decision by filing an action in federal district court within sixty days after receiving notice of the Appeals Council's action. *Id.*; 20 C.F.R. § 422.210. In sum, a claimant obtains a judicially reviewable final decision only when she completes the administrative appeals process and receives either (1) a decision by the Appeals Council or (2) notice from the Appeals Council denying her request for review. 20 C.F.R. §§ 404.981, 422.210. If there is no final decision, there is no jurisdiction for an action seeking judicial review. *See Bowen v. City of New York*, 476 U.S. 467, 482 (1986).

### B. Motion to Dismiss under Fed. R. Civ. P. 12(b)(1)

The Commissioner filed her Motion pursuant to Fed. R. Civ. P. 12(b)(1) asserting that the Court lacks subject matter jurisdiction because Thomas failed to obtain a final decision. Doc. 12.

The Commissioner's challenge is considered a factual attack; therefore, the Court may consider evidence outside the pleadings. *See Howard v. Comm'r of Soc. Sec.*, 2014 U.S. Dist. LEXIS 112823, at *4 (S.D. Ohio July 14, 2014) (Commissioner's challenge that the court lacks subject matter jurisdiction because the plaintiff failed to obtain a final decision is a factual attack permitting the court to consider evidence outside the pleadings); *Cartwright v. Garner*, 751 F.3d 752, 759-760 (6th Cir. 2014) (in a factual attack under Fed. R. Civ. Pro. 12(b)(1), "a court has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case."). Thomas bears the burden of proving that the Court has subject matter jurisdiction. *Id*.

### III. Analysis

Thomas did not complete the four steps spelled out above. She failed to take any action with respect to her DIB claim after the second step; to wit, she did not request a hearing before an ALJ. Additionally, the Agency has not yet made an initial determination regarding her SSI claim; thus, Thomas has not taken and cannot yet take any action with respect to her SSI claim. Thus, she did not obtain a judicially reviewable "final decision" of either claim. Accordingly, this Court lacks subject matter jurisdiction and Thomas' action should be dismissed. *See Bowen*, 476 U.S. at 482.

"[I]n certain special cases," the United States Supreme Court has found that a court may excuse a claimant from exhausting her administrative remedies, such as when a plaintiff raises a challenge wholly collateral to her claim for benefits and makes a colorable showing that her injury could not be remedied by the retroactive payment of benefits. *Heckler v. Ringer*, 466 U.S. 602, 618 (1984). Here, Thomas' allegations are not collateral to her claim for benefits and she

4

does not seek a remedy other than the retroactive payment of benefits. Thomas asserts that the Administration has wrongfully denied her disability claims. She asks the Court to enter judgment against the Commissioner and award her past and future disability payments beginning from her alleged disability onset date, in 2003. Doc. 10, p. 2. Thus, her case is not a "special case" in which the exhaustion requirement can be waived. See *Ringer*, 466 U.S. at 618.

### III. Conclusion

For the reasons explained above, the undersigned recommends that the Commissioner's Motion to Dismiss be **GRANTED** and that this case be dismissed without prejudice.

Dated: December 14, 2015

Kathleen B. Burke
United States Magistrate Judge

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986)